UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-00065-TBR

JAMES POLK,                                                                                    PLAINTIFF

v.

ADAM JONES, *et al.*,                                                                         DEFENDANTS

## MEMORANDUM OPINION AN ORDER

This matter is before the Court upon two motions by Defendant, Adam Jones ("Jones"). First, Defendant moves to dismiss Plaintiff's initial complaint for failure to state a claim. [DN 4]. Plaintiff, James Polk ("Polk"), has not filed a response to Defendant's motion to dismiss, but has filed an Amended Complaint. [DN 7]. Second, Defendant moves the Court to strike Plaintiff's Amended Complaint. [DN 8]. Plaintiff responded to Defendant's motion to strike, [DN 9], and Defendant has filed a reply. [DN 10]. Fully briefed, Defendant's motions are ripe for review, and for the following reasons, they are **DENIED**.

## BACKGROUND

On May 7, 2018, Plaintiff filed a complaint against Defendant alleging false arrest, malicious prosecution, and false imprisonment. [DN 1]. On May 29, 2018, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim. [DN 4]. On June 22, 2018, Defendants agreed to allow Plaintiff an additional twenty-one days to respond to the motion to dismiss. [DN 6]. Within the additional twenty-one-day period, Plaintiff filed his First Amended Complaint. [DN 7]. Defendant filed a motion to strike the First Amended Complaint from the docket and again requested the Court to dismiss Plaintiff's civil action with prejudice. [DN 8]. In

his response to the motion to strike, Plaintiff moved the Court "for leave to file his first amended complaint" pursuant to Federal Rule of Civil Procedure 15(a)(2). [DN 9 at 5].

**DISCUSSION**

In his response, Plaintiff moves the Court for leave to file his Amended Complaint. [DN 9 at 5]. Pursuant to Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." A district court "has discretion in determining whether to permit an amendment, and its decision will be overturned only if it has abused that discretion." *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991). "Ordinarily, delay alone, does not justify denial of leave to amend." *Morse v. McWhorrer*, 290 F.3d 795, 800 (6th Cir. 2002) (citing *Teffr v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading.")). Denying leave is appropriate in instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foreman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Defendant argues that "changes in Plaintiff's First Amended Complaint actually amount to nothing more than conclusory allegations and legal conclusions masquerading as facts." [DN 10 at 5]. Therefore, Defendant argues, "any additions to Plaintiff's First Amended Complaint must fail as legitimate amendments under the futility of amendments doctrine." *Id.* (citing *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss")). In *Beydoun*, the party seeking to amend

his complaint "never informed the district court of what facts he would use to supplement his claim, thus allowing him to withstand a motion to dismiss." 871 F.3d at 470. In other words, Beydoun did not include any specific allegations in his motion for leave to amend and therefore the district court decided that amendment would be futile. *Id.* In this case, the Court is informed of what amendments will be made to the original complaint because the First Amended Complaint has already been filed. But it is not yet clear whether the First Amended Complaint could withstand a Rule 12(b)(6) motion to dismiss, and the Court could more accurately decide the issue if it were fully briefed.

For the foregoing reasons, the Court has determined that it is in the interest of justice to **GRANT** Plaintiff's request to file an amended complaint. Because Plaintiff's First Amended Complaint is already on the docket, there is no need for Plaintiff to re-file that document. Therefore, Defendant's motion to dismiss Plaintiff's complaint is **DENIED** as moot with leave to refile. Defendant has twenty-one days from the entry of this Memorandum Opinion and Order to respond to Plaintiff's Amended Complaint.

**ORDER**

**IT IS HEREBY ORDERED:**

1. Plaintiff's motion for leave to file First Amended Complaint [DN 9 at 5] is **GRANTED**. The First Amended Complaint has already been filed with the Court. [DN 7].

2. Defendant's motion to strike the First Amended Complaint [DN 8] is **DENIED.**

3. Defendant's motion to dismiss for failure to state a claim is **DENIED AS MOOT WITH LEAVE TO REFILE.**

4. Defendant has twenty-one (21) days from the entry of this Memorandum Opinion and Order to respond to Plaintiff's First Amended Complaint [DN 7].

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 21, 2018

cc: Counsel of Record.