UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-cv-00065-TBR

JAMES POLK                                                                                          PLAINTIFF

v.

ADAM JONES
and
WILLIAM PROPES                                                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants Adam Jones and William Propes' (collectively, "Defendants") Motion to Dismiss. [DN 22.] Plaintiff James Polk, ("Polk") has responded. [DN 23.] Defendants have replied. [DN 25.] As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [DN 22] is **GRANTED**.

### I. Background

On May 7, 2018, Polk filed a complaint against Defendants alleging federal and state false arrest/false imprisonment, and malicious prosecution. [DN 1.] Polk then filed an amended complaint on July 9, 2018. [DN 7.] Polk was arrested on April 29, 2017 for burglary in the second degree and illegal possession of a legend drug. [DN 23-1 at Page ID 200.] On April 29, 2017, according to the Complaint, Patrick Zimmer was standing outside of his residence when Polk approached him. [DN 7 at 2.] Zimmer went into his house after being approached by Polk. [*Id.*] Polk then approached the door and Zimmer warned Polk to leave. [*Id.*] Polk left, and Zimmer called the Kentucky State Police. [*Id.*] Defendants interviewed Zimmer at his house and gave

dispatch information about the vehicle Polk was in. [*Id.*] Polk was stopped by a Graves County sheriff and then arrested. [*Id.*]

Both charges were dismissed against Polk on May 8, 2017. [*Id.* at 3.] Polk was later indicted on criminal trespass and illegal possession of a legend drug stemming from the same incident. [*Id.*] At a bench trial, Polk was found guilty of criminal trespass in the third degree. Polk filed the present action alleging federal and state false arrest and malicious prosecution.

## II. Legal Standard

In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When applying the Rule 12(b)(6) standard, the court must presume all of the factual allegations in the complaint are true. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S. at 679. The Court may dismiss the case "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal,* 556 U.S. at 677-79).

The Court may properly consider documents as part of the pleadings if the document is "referred to in the complaint and is central to the plaintiff's claim." *DBI Investments, LLC v. Blavin*, 617 F. App'x 374, 376 (6th Cir. 2015) (quoting *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)). Furthermore, "[a] court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003), holding modified by *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010).

### III. Discussion

#### A. *Heck v. Humphrey,* 512 U.S. 477 (1994)

Defendants first argue Polk's claims are barred under the *Heck* doctrine. Polk argues a judgment in his favor would not necessarily invalidate his criminal trespassing conviction.

In *Heck*, the Court held a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus". *Heck,* 512 U.S. at 486-487. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487. That Court went on to state, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed". *Id.* "The Sixth Circuit has clearly stated that a more precise inquiry is required, whereby "the court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983

claimant was convicted." *Settles v. McKinney,* 2013 WL 5346503, at *3 (W.D. Ky. Sept. 23, 2013) (quoting *Schreiber v. Moe,* 596 F.3d 323, 334)).

Defendants first cite to *Barnes v. Wright*, 449 F.3d 709 (6th Cir. 2006) in support of their position. Barnes was indicted on three counts of wanton endangerment and one count of interfering with a conservation officer. *Id.* at 712. He was later convicted on the three counts of wanton endangerment but acquitted of interfering with a conservation officer. *Id.* at 713. Barnes filed a complaint alleging, among other things, malicious prosecution and false arrest for the interfering with a conservation officer charge. *Id.* The jury found Barnes guilty of wanton endangerment using jury instructions that stated:

> "[Y]ou will find the Defendant guilty of Second–Degree Wanton Endangerment under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> A. That in this county on or about September 28, 2002, and within 12 months before the finding of the Indictment herein, he pointed a firearm at Officer Tony Wright; AND
>
> B. That he thereby wantonly created a substantial danger of physical injury to Officer Tony Wright."

*Id.* at 716. The Court found that "[p]ointing a gun at an officer in a manner that creates a substantial danger of injury clearly establishes probable cause for the charge of threatening or attempting to intimidate an officer in violation of § 150.090(6)." *Id.* at 717. Therefore, the claim was barred.

Defendants next cite to *Settles,* 2013 WL 5346503 (W.D. Ky. Sept. 23, 2013). Settles pleaded guilty to possession of a controlled substance, fleeing or evading police, wanton endangerment, illegal use or possession of drug paraphernalia, and resisting arrest. *Id.* at 1. Settles filed a § 1983 action alleging, among other things, false arrest. *Id.* at 2. The Court found that Settles' plea, even though he only pled guilty to three of the five original charges, "preclude[d] any false arrest claim he ha[d] premised on that arrest." *Id.* at 5. The Court cited to *Helfrich* which

stated, "the offenses with which plaintiff was charged were all related and based on the same unbroken chain of events occurring close in time" and therefore his claim was barred. *Helfrich v. City of Lakeside Park*, 2010 WL 3927475, at *1 (E.D. Ky. Oct. 4, 2010). The *Settles* Court stated the claim would not be bifurcated if the offenses were from an unbroken chain of events. *Settles,* 2913 WL 5346503, at *5 n. 5 (W.D. Ky. Sept. 23, 2013).

Here, Polk was arrested for burglary but ultimately convicted for criminal trespass. Burglary requires proof that an individual "with the intent to commit a crime, knowingly enters or remains unlawfully in a dwelling." Ky. Rev. Stat. Ann. § 511.030. Criminal trespass requires proof that an individual "knowingly enters or remains unlawfully in or upon premises." Ky. Rev. Stat. Ann. § 511.080. The elements of these crimes differ sufficiently unlike *Barnes*. In *Barnes,* it was not possible for the Court to find there was no probable cause for the charge of interfering with an officer without invalidating the conviction. Here, looking at the specific offense Polk was convicted of and the specific claim in the present action, a judgment in favor of Polk would not necessarily negate his conviction of criminal trespass due to the differing elements.

However, the unbroken chain of events theory bars Polk's claim. In *Helfrich,* the plaintiff was charged with disorderly conduct, alcohol intoxication, resisting arrest, and assault in the third degree. *Helfrich,* 2010 WL 3927475, at *1 (E.D. Ky. Oct. 4, 2010). He pleaded guilty to the disorderly conduct charge. *Id.* In her report, the Magistrate Judge recommended summary judgment be granted on Helfrich's claim for false arrest premised on the disorderly conduct charge. *Id.* However, the Magistrate Judge recommended summary judgment be denied on the false arrest claim if it "could be construed to be based on the other offenses with which plaintiff was charged." *Id.* However, the Court granted summary judgment on both claims because "the offenses with

which plaintiff was charged were all related and based on the same unbroken chain of events occurring close in time." *Id.*

Polk argues that the unbroken chain of events theory is inapplicable here because Polk was not originally charged with the crime he was ultimately convicted of as Helfrich was. In its Opinion, the Court distinguished its decision from *Sandul*. In *Sandul v. Larion,* Sandul was arrested for felonious assault and for violating the city's disorderly conduct ordinance. 1995 WL 216919, *2 (6th Cir. Apr. 11, 1995). The disorderly conduct charge stemmed from Sandul driving past a group of abortion protestors and making obscene gestures and shouting obscenities. *Id.* at 1. An officer at the protest left the scene and pursued Sandul. *Id.* The vehicle carrying Sandul stopped outside of his house and the officer attempted to arrest Sandul. *Id.* Sandul continued into his house and began threatening the officer with a knife. *Id.* The officer called for backup and Sandul was arrested. *Id.*

The Court in *Helfrich* argued the cases were distinguishable because Sandul's charges occurred in two distinct locations with distinct facts. Here, it is undisputed that Polk's criminal trespass charge and the burglary charge stem from the same event. The Court agrees with Polk that this case is distinct from *Helfrich*. In *Helfrich*, and cases like it, the plaintiff filed a § 1983 claim for charges that were all filed at the same time. Here, Polk was not originally charged with criminal trespass. It was only after the burglary charge was dismissed that he was subsequently charged. The Court has not found any authority supporting nor rejecting the application of the unbroken chain theory in this specific fact pattern.

The theory places emphasis on the event the charges stem from rather than when each offense was charged. When looking at the facts of the present case, it is clear that Polk's burglary charge and his criminal trespass charge stem from the same unbroken chain of events. Due to

Polk's charges stemming from the same unbroken chain of events, the Court will not bifurcate, and his claims must be dismissed due to his criminal trespass conviction.

## B. Malicious Prosecution

Defendants next argue that Polk's claims of malicious prosecution must fail because they require a plaintiff to prove the proceeding terminated in his favor. Polk argues the proceedings were resolved in his favor.

For a plaintiff to succeed on a Fourth Amendment malicious prosecution claim, a plaintiff must prove that: (1) a criminal prosecution was initiated against him and that the defendant made, influenced, or participated in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson,* 625 F.3d 294, 308-309 (6th Cir. 2010).

### 1. Criminal Proceeding was Resolved in the Plaintiff's Favor

"Proceedings are 'terminated in favor of the accused' ... only when their final disposition is such as to indicate the innocence of the accused." Restatement (Second) of Torts § 660. "In other words, the termination of the proceedings at issue "must go to the merits of the accused's professed innocence for [it] to be favorable to [her]." *Cherry v. Howie,* 191 F. Supp. 3d 707, 714–15 (W.D. Ky. 2016) (citing *Ohnemus v. Thompson*, 594 Fed.Appx. 864, 867 (6th Cir. 2014)) (internal quotations omitted). "Furthermore, [i]n order for a termination of proceedings to be favorable to the accused, the dismissal must be one-sided and not the result of any settlement or compromise. *Cherry*, 191 F. Supp. 3d. at 715 (internal quotations omitted). Polk relies on a Michigan District Court to argue the proceedings were terminated favorably.

In *Watkins v. Healy,* 2019 U.S. Dist. LEXIS 134950, the Court held the proceedings against Watkins were terminated favorably because Watkins alleged the prosecutor moved to have the charges against him dismissed due to a "lack of sufficient reliable evidence and a lack of reasonable grounds for the prosecution." *Id.* at 23. The Court stated, "innocence in this context is not strictly limited to factual innocence. Indeed, the inability of a prosecutor to prove a case beyond a reasonable doubt at trial can be consistent with the innocence of the accused and can be deemed a favorable termination in favor of the accused." *Id.* at 22 (internal quotations omitted). "The dispositive inquiry is whether the failure to proceed implies a lack of reasonable grounds for the prosecution." *Id.* at 22-23. Here, Polk's charges were dismissed because "No probable cause found; Dismiss (Witness subpoena for commonwealth did not appear)". [DN 23-2 at PageID 202.] Defendants cite to several cases stating dismissal due to unavailable witnesses or evidence does not indicate innocence.

In *Russell v. Smith,* 68 F.3d 33 (2nd Cir. 1995), Russell was charged with the murder of four individuals. *Id.* at 34. Russell was indicted based on the testimony of a witness. *Id.* at 35. The witness later repudiated his testimony. *Id.* The case was dismissed stating "Disposition other than Conviction or Acquittal." *Id.* The Court found the dismissal was not a final disposition or an indication of innocence. *Id.* at 36. "As reinstitution of Russell's prosecution was expressly provided by the court, the termination was neither final, nor indicative of innocence." *Id.*

Defendants next cite to *Davidson v. Castner-Knott Dry Goods Co., Inc.,* 202 S.W.3d 597 (Ky. App. 2006). In *Davidson,* Davidson initially reported her checks were stolen to her bank. *Id.* at 600. Later a check was written to Castner-Knott on her account and the bank returned the check. *Id.* She was charged with theft by deception. *Id.* The prosecution moved to dismiss the indictment without prejudice because of "Davidson's police report indicating that her checks had been stolen,

8

and (2) the fact that Castner-Knott no longer did business in Warren County, so the Commonwealth did not have a witness." *Id.* The Court dismissed the indictment without prejudice. *Id.* The Court found "dismissal of a suit for technical or procedural reasons that do not reflect on the merits of the case is not a favorable termination of the action." *Id.* at 605.

Defendants argue dismissal of the charges due to a witness failing to appear is not termination is Polk's favor. However, this disregards the state court's notation on the dismissal that there was "no probable cause found". The Sixth Circuit has looked to the Restatement § 660 on this issue. The Restatement (Second) of Torts § 660(d) (1977) states:

> A termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if
>
> (d) new proceedings for the same offense have been properly instituted and have not been terminated in favor of the accused.

The comment to this section states:

> "In a word, the abandonment of particular proceedings does not constitute a final termination of the case in favor of the accused. Only an abandonment of the charge brought against him will suffice."

*Id.* cmt. d. Here, new proceedings were instituted and did not terminate favorably, but they were for a different offense stemming from the same conduct. Although the Court agrees with Defendants that a dismissal simply because a witness did not appear would not be a termination in Polk's favor, the Court cannot ignore the fact that the dismissal also stated "no probable cause found" as a reason for dismissal. This could be due to the fact that a witness did not appear, or it could be due to a reason that points to the merits. However, this argument is futile due to Polk's charges stemming from an unbroken chain of events and Polk ultimately being convicted of criminal trespass. the existence of probable cause for the criminal trespass charge.

2. **Probable Cause for Criminal Prosecution**

9

"In order to distinguish appropriately [a claim for malicious prosecution] from one of false arrest, we must consider not only whether the Defendants had probable cause to arrest the Plaintiffs but also whether probable cause existed to initiate the criminal proceeding against the Plaintiffs." *Sykes*, 625 F.3d at 310–11. "To determine whether probable cause existed, courts must view 'the totality of the circumstances at the time of the Plaintiffs' arrest and through the time that the criminal proceeding against them commenced.'" *Phat's Bar & Grill v. Louisville Jefferson Cty. Metro Gov't*, 918 F. Supp. 2d 654, 662 (W.D. Ky. 2013) (quoting *Sykes,* 625 F.3d at 311). "[A] plaintiff must show, at a minimum, 'that there was no probable cause to justify [his] arrest *and* prosecution.'" *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003) (quoting *Darrah v. City of Oak Park,* 255 F.3d 301, 312 (6th Cir. 2001) (emphasis added). Due to Polk's inability to prove a lack of probable cause for arrest—which the Court will address in the following section—his claim that there was no probable cause for prosecution is immaterial.

**C. False Arrest**

"In order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause*." Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir.2002). "A police officer has probable cause only when he discovers reasonably reliable information that the suspect has committed a crime." *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir.2000). "When deciding whether an arrest was supported by probable cause, a court should look to the totality of the circumstances and consider only the information possessed by the arresting officer at the time of the arrest." *Martin v. Coyt*, 2012 WL 1574823, at *9 (W.D. Ky. May 3, 2012) (quoting *Harris v. Bornhorst*, 513 F.3d 503, 511 (6th Cir.2008)). "The Sixth Circuit has held that, even where probable cause is lacking to arrest plaintiff for the crime charged, proof that probable cause existed

10

to arrest plaintiff for another offense may entitle the arresting officer to qualified immunity on a false arrest claim under § 1983." *Helfrich,* 2010 WL 3927475, at *1 (E.D. Ky. Oct. 4, 2010).

Here, there was probable cause to arrest Polk. Even if the Court construes the state court's dismissal of the burglary and possession of a legend drug as a dismissal due to a lack of probable cause to arrest Polk, there was probable cause to arrest Polk for criminal trespass. Polk's conviction for criminal trespass requires this Court find there was probable cause to arrest him on this charge. Although Polk was not initially arrested for criminal trespass, probable cause existed at his initial arrest for the offense. Therefore, Polk cannot sustain a claim of false arrest and the claim must be dismissed.

### D. Supplemental Jurisdiction

Defendants ask this Court to exercise supplemental jurisdiction over the state law claims. Polk asks this Court not to exercise supplemental jurisdiction if his federal claims are dismissed.

Having dismissed Polk's federal claims, the Court declines to exercise supplemental jurisdiction over his state-law claims for malicious prosecution and false arrest. *See* 28 U.S.C. § 1367(c)(3); *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012); *see also* 13D Charles Alan Wright et al., *Federal Practice and Procedure* § 3567.3 (3d ed.) ("As a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial."). Accordingly, the Court will dismiss Polk's state-law claims without prejudice.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that:

1.) Defendants' Motion to Dismiss [DN 22] is GRANTED.

2.) Polk's claims for false arrest and malicious prosecution under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.

3.) Polk's state law claims for malicious prosecution and false imprisonment/arrest are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.** A judgment will follow.

Thomas B. Russell, Senior Judge
United States District Court

May 5, 2020

cc: counsel